## MOORE *v.* STEVENS.

In replevin for a lot of bricks the plaintiffs sued as partners, and the defendant avowed the taking as the property of William Moore, one of the plaintiffs; to which the plaintiffs pleaded that the property was in the plaintiffs, Joseph C. Moore and William Moore, jointly. On demurrer the plea was held to be a departure, and therefore bad.

REPLEVIN, in which a lot of bricks were taken from the defendant, Daniel L. Stevens, which he had attached and taken on a writ against William Moore, and which were, by virtue of this writ of replevin, delivered to the plaintiffs as their property.

In the writ the plaintiffs were described as "partners in business, under the name and firm of J. C. & W. Moore."

The defendant pleaded for his second plea, that said bricks, at the time they were taken by the defendant, were not the property of the plaintiffs, but were the property of William Moore. The plaintiff replied to said second plea, that he should not be barred, &c., because, at the time of taking said goods, &c., the property in the same was not in William Moore solely, but the same were the property of Joseph C. Moore and said William Moore, jointly, as is by the said plaintiffs' declaration alleged. To this replication the defendant demurred, and the plaintiffs joined in demurrer.

*Morrison & Stanley*, for the plaintiffs.

1. The plaintiffs, being partners in business, were jointly seized of all the partnership property. 3 Kent's Com. 36; 1 Pars. on Cont. 137; Coll. on Part. 10, 11; *Brown v. Robbins*, 3 N. H. 64; 29 Vt. 1; *Bromley v. Elliot*, 38 N. H. 287. It is the duty of the court to look at the whole record. 1 Ch. Pl. 668, 669 ; Steph. Pl. 162 ; *Keay v. Goodwin*, 16 Me. 1. And to say that they owned their property jointly, after having first stated that they were partners, is equivalent to saying that it was, partnership property.

2. A departure in pleading is where a party quits or departs from the case or defense which he has first made out, and has recourse to another; 1 Ch. Pl. 664; Steph. Pl. 410; 2 Saund. Pl. 806; *Paine v. Fox*, 16 Me. 129; *Hapgood v. Houghton*, 8 Pick. 451; and as it is evident we did not quit one case or defense for another, as we have shown above, there is no departure.

*W. C. & S. G. Clarke*, for the defendant.

The defendant demurs to one of the replications to his second plea, because therein the plaintiffs desert the ground taken by them in their writ and declaration. In the writ the plaintiffs allege themselves to be partners, and that the bricks belonged to them in their partnership capacity. The defendant pleads property in William Moore. Now, upon a replication sustaining the declaration, to wit, the first replication to this plea, the plaintiffs are bound affirmatively to show the existence of the alleged partnership and the ownership of the bricks by it. *Taylor v. True*, 27 N. H. 220. We submit that issue being joined on this replication, such evidence would not be necessary. The issue must be found for the plaintiffs upon evidence simply of a joint ownership. The replication then is bad. Steph. Pl., sec. 6, rule 1; Com. Dig., Pleader (F. 7); Co. Litt. 304, *a ;* Vin. Ab., Departure; *Richards v. Hodges*, 2 Saund. 83,

and note by Mr. Williams. But the plaintiffs suggest that because partners are jointly seized of all partnership property, there is no departure; but this does not follow, unless the court hold that all persons jointly seized of property are therefore partners.

BELLOWS, J. The pleadings make an issue upon the property of the plaintiffs, and to disprove it the defendant may show property in a third person not named in his avowry. *Brown* v. *Webster*, 4 N. H. 500. The burden is upon the plaintiffs to show property in them. *Taylor* v. *True*, 27 N. H. 221; *Belknap* v. *Wendell*, 21 N. H. 175. In this case the plaintiffs sue as partners, and allege the goods to be their property, and of course in their partnership capacity. A plea to the avowry alleging the property to be jointly in Joseph C. and William Moore, but not as partners, does not maintain the declaration. There is a substantial departure, because not only is different proof required, but it may make a material difference as to the rights of attaching creditors. Here the plaintiffs plead that the property was not solely in William Moore, but in him and in Joseph C. Moore, jointly, as is by them in the plaintiffs' declaration alleged. Unless, then, this can be regarded as an allegation that they held it as partners, the plea is bad as a departure.

It is contended by the plaintiffs' counsel that the allegation of a joint ownership is equivalent to alleging that they owned it as partners, upon the ground that partners are joint owners. But we think this position is not tenable; for it is quite clear that parties may be joint tenants of a chattel and yet not hold it as partners, and the difference between them is quite material. In the one case there is survivorship, and in the other not; and in one the creditors of the partners have a preference, and in the other not.

Nor do we think that the phrase "as by the said plain-

tiffs' declaration alleged" will change the construction of the plea ; for it can not qualify a distinct allegation of joint ownership. Neither does the plaintiffs' counsel contend that it does. Such a defect being bad upon general demurrer (1 Ch. Pl. 648, and note 1), there must be

*Judgment for the defendant.*